COURTESY CO[PY]



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PETITION OF HISCOX SERVICES LTD., HISCOX AGENCY LTD., and HISCOX INSURANCE COMPANY (BERMUDA) LIMITED,

Petitioners,

For an Order Granting Leave to Issue Subpoenas to Montres Journe New York LLC for Production of Documents Pursuant to 28 U.S.C. § 1782.

No. 18 mc 226

**NOTICE OF PETITION**

Petitioners Hiscox Services Ltd., Hiscox Agency Ltd., and Hiscox Insurance Company (Bermuda) Limited (collectively, "Hiscox" or "Petitioners") hereby petition this Court pursuant to 28 U.S.C. § 1782 for assistance in connection with a foreign legal proceeding, and respectfully request an Order granting Petitioners leave to issue a subpoena, in the form attached hereto as Exhibit A, to obtain discovery from Respondent Montres Journe New York LLC ("Respondent"), and ordering Respondent to comply with such subpoena, for all the reasons set forth in the accompanying Memorandum of Law and the Declaration of Monica S. Asher, dated May 29, 2018.

Dated: May 29, 2018
New York, New York

*Petition granted*
*So ordered*
*(Sweet USDJ)*
*6-5-18*

MCDERMOTT WILL & EMERY LLP

By: _____
Monica S. Asher

340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Hiscox Services Ltd., Hiscox Agency Ltd., and Hiscox Insurance Company (Bermuda) Limited*

# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| IN RE PETITION OF HISCOX SERVICES LTD., HISCOX AGENCY LTD., and HISCOX INSURANCE COMPANY (BERMUDA) LIMITED, Petitioners, For an Order Granting Leave to Issue Subpoenas to Montres Journe New York LLC for Production of Documents Pursuant to 28 U.S.C. 1782 | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Montres Journe New York LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: McDermott Will & Emery LLP 340 Madison Avenue New York, New York 10173 | Date and Time: 10 days after service (by 5:00 PM) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/29/2018

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Hiscox Services Ltd., Hiscox Agency Ltd., and Hiscox Insurance Company (Bermuda) Limited , who issues or requests this subpoena, are:

Monica s. Asher, McDermott Will & Emery LLP, 340 Madison Ave, New York, NY 10173, 212-547-5400

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

1. "You," "Your," and "Montres Journe New York" mean Montres Journe New York LLC, including, as applicable, its affiliates, partners, successors, predecessors, officers, directors, employees, agents, representatives, attorneys, investigators, auditors, consultants, or accountants, and any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf, including, but not limited to, Pierre Halimi.

2. "Hiscox" means Hiscox Services Ltd., Hiscox Agency Ltd., and Hiscox Insurance Company (Bermuda) Limited, including, as applicable, its affiliates, partners, successors, predecessors, officers, directors, employees, agents, representatives, attorneys, investigators, auditors, consultants, or accountants, and any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

3. "Abraham" means Yuval Abraham, his agents, representatives, attorneys, investigators, consultants, and accountants, and any other Person under his control or acting or purporting to act on his behalf.

4. The "Montres Transactions" means the following transactions:

| Invoice No. | Invoice Date | Payment Date | Total Fees | Invoice Description |
|---|---|---|---|---|
| H23642-0 | 04/05/2018 | 04/16/2018 | $341,000 | Consulting services consulting hours – Hiscox Finance Transformation project – Reinsurance project rescope and agreed overruns |
| F72064F-4 | 02/16/2018 | 02/23/2018 | $750,000 | Retainer – Consulting services for Hiscox Finance Transformation Project consulting work – 2018 Project Work per SOW |
| B100069A-1 | 11/30/2017 | 12/20/2017 | $43,300 | Consulting services consulting hours and documentation – Hiscox Finance Transformation Project – Final Billing 2017 |
| A60093G-1 | 09/29/2017 | 10/06/2017 | $251,800 | Consulting services: consulting hours and documentation. Data platform development. |

1

| Invoice No. | Invoice Date | Payment Date | Total Fees | Invoice Description |
|---|---|---|---|---|
| A58362G-1 | 08/07/2017 | 08/08/2017 | $100,000 ("Unit Price" $500) | Consulting services consulting hours and documentation. |
| A58009G-1 | 07/03/2017 | 07/06/2017 | $201,900 | Consulting services – fixed fee project work per SOW |
| A57923G-1 | 06/16/2017 | 06/21/2017 | $259,960 ("Qty") – 520 hrs @ "Unit Price": $500 | Consulting services – insurance carrier structure solutions (1/1/2017—5/31/2017). Consulting hours and documentation. |

5. "Document" is used in its customary and broadest sense to include, without limitation, all written, printed, electronic, recorded or graphic matter that is in Your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced or stored, including, without limitation, correspondence, e-mail and other electronic communications, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, presentations (including, but not limited to, PowerPoints), instructions, minutes, or other communications (including, but not limited to, interoffice and intraoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of account, journals, ledgers, summaries, opinions, reports, evaluations, letters of credit, insurance policies, records of summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, microfilm, microfiche, photographic negatives, pictures, photographs, microscopically obtained photographs, test results, tapes, magnetic tapes, paper tapes, plotter output recordings, discs, data cards, films, data processing files and other computer readable records or programs and all other written, printed or recorded matter of any kind, and all other data compilations from which information can be obtained, and translated, if

2

necessary, and all originals, drafts and copies thereof. All such documents bearing on any sheet or side thereof any marks, such as (but not limited to) initials, stamped indicia, comments, or notations, of any character and not a part of the original text or photographic reproduction thereof are to be considered and identified as separate documents.

6. "Communication" means the transmittal or receipt of information in any form whatsoever, including, without limitation, written, oral and electronic forms, including voicemails, text messages, instant messages, and emails.

7. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, supporting, confirming, disclosing, describing, representing, or in any way relevant to within the meaning of Fed. R. Civ. P. 26(b)(1).

8. "Person" means any individual, natural person, business entity, including, but not limited to a sole proprietorship, partnership, association, corporation, organization, joint venture, company, or any other legal, business, formal, or informal entity, including governmental bodies and/or agencies, and any department, affiliate, joint enterprise, or representative thereof.

## INSTRUCTIONS

1. In producing the requested documents, please furnish all documents in Your possession, custody, or control, including documents in the possession, custody, or control of any affiliated entities, officers, directors, employees, agents, representatives, attorneys, investigators, auditors, consultants, accountants, and other persons acting or purporting to act on Your behalf, regardless of the capacity in which you hold such documents.

2. The following requests seek production of all described documents in their entirety, along with any attachments, drafts and non-identical copies, including, without limitation, copies that differ by virtue of handwritten or other notes or markings.

3. The following requests are to be considered as continuing and You are requested to provide, by way of supplementary responses thereto, such additional documents as You or any persons acting on Your behalf may hereafter obtain, which relate to any of the requests contained herein.

4. If any document requested to be produced was, but is no longer, in Your possession, custody, or control, or is no longer in existence, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others, and, if so, to whom; or (iv) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

5. If any document potentially responsive to any request is withheld under any claim(s) of privilege, please provide a written list describing the document so withheld to include, without limitation, the following information: (i) date; (ii) name of the person or other entity who or which drafted, authored or prepared it; (iii) title; (iv) name of the person or other entity to whom the document was addressed; (v) name of each person or entity to whom the document, or any copy, was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; (vi) a statement of the ground or grounds on which each such document is considered to be privileged from production; and (vii) a brief description of the subject matter of the document.

6. Whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request information which might otherwise be construed to be outside of its scope; and "all" and "each" shall be construed to bring within the scope of each request information which might otherwise be construed to be outside of its scope.

7. Whenever appropriate, the singular form of a word shall be considered to include within its meaning the plural form of the word, and vice versa; the neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb. In each such instance, the request shall be construed so as to furnish the most complete and inclusive response.

8. If You object to any request, in whole or in part, please state with specificity the reason for the objection.

9. The time period for the requests is January 1, 2017 to present.

## DOCUMENTS TO BE PRODUCED

1. All Documents Concerning the Montres Transactions, including, but not limited to, any invoices, draft invoices, Communications with Abraham, and Documents identifying products sold in connection with those transactions.

2. All Documents Concerning any transaction or proposed transaction between Montres Journe New York and Abraham.

3. All Documents Concerning any transaction or proposed transaction between Abraham and any third party.

4. All Communications between Montres Journe New York and Abraham.